IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BATTLEGROUND RESTAURANTS, INC. and BATTLEGROUND RESTAURANT GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, male, and to provide appropriate relief to a class of male applicants who were denied employment and otherwise adversely affected by unlawful employment practices of Battleground Restaurants, Inc. and Battleground Restaurant Group, Inc. (Defendants). As set forth with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Defendants, through the operation of 19 Kickback Jack's restaurants, have had, and continue to have, a policy or practice of intentionally failing to hire male applicants for front-of-house positions because of their

sex, male, in violation of Title VII. The Commission also alleges that Defendants failed to maintain applications as required by Title VII and by Commission regulations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed by Defendants at 19 Kickback Jack's restaurants in North Carolina, Virginia, and Tennessee, including within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and 2000e-6.

5. Defendant Battleground Restaurants, Inc. is a corporation organized under the laws of the State of North Carolina and, at all relevant times, has conducted business

in the State of North Carolina and has had its principal place of business in Greensboro, North Carolina.

6. Defendant Battleground Restaurant Group, Inc. is a corporation organized under the laws of the State of North Carolina and, at all relevant times, has conducted business in the State of North Carolina and has had its principal place of business in Greensboro, North Carolina.

7. At all relevant times, Defendants have continuously had at least 15 employees.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. Upon information and belief, at all relevant times Defendants have acted in concert, or one at the direction of the other, in the operation of the 19 Kickback Jack's restaurants where the unlawful employment practices were committed. All of the acts and failures to act alleged herein were duly performed by and are attributable to both Defendants, each acting as agent, alter ego, employee, indirect employer, joint employer, or integrated enterprise of or with the other. As such, each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant.

10. Defendants, which are headquartered in Greensboro, North Carolina, own and operate at least 19 restaurants under the tradename Kickback Jack's in North Carolina, Virginia, and Tennessee.

11. The Kickback Jack's restaurants are full-service restaurants that employ servers, hosts, and bartenders in non-managerial front-of-house positions.

## ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, a former employee of Defendants filed a charge with the Commission alleging that Defendants violated Title VII.

13. On December 20, 2023, the Commission issued a Letter of Determination to Defendants, notifying Defendants that the Commission found reasonable cause to believe Defendants violated Title VII and inviting Defendants to join the Commission in informal methods of conciliation to eliminate the unlawful employment practices and secure appropriate relief.

14. Prior to the institution of this lawsuit, the Commission engaged in communications with Defendants to provide Defendants with the opportunity to remedy the unlawful employment practices.

15. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

16. On July 15, 2024, the Commission issued a Notice of Conciliation Failure to Defendants.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS
## COUNT I (TITLE VII—SEX DISCRIMINATION IN HIRING)

18. Since at least December 1, 2019, Defendants have engaged in unlawful employment practices at 19 Kickback Jack's restaurants, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000(e)-(2)(a) by failing to hire men for non-managerial front-of-house positions based on their sex, male.

19. Non-managerial front-of-house positions at Kickback Jack's restaurants do not require special skills or qualifications.

20. Advertisements seeking applicants for non-managerial front-of-house positions at Kickback Jack's restaurants do not indicate that any experience is needed and state "Bring your great attitude and your hard work and we will train you."

21. Between December 1, 2019 and February 18, 2022, Defendants employed more than 2,100 persons in non-managerial front-of-house server positions at 19 Kickback Jack's restaurants across North Carolina, Virginia, and Tennessee.

22. Of the servers employed by Defendants at Kickback Jack's restaurants between December 1, 2019 and February 18, 2022, approximately 3% were male.

23. Between December 1, 2019 and February 18, 2022, some Kickback Jack's locations did not employ any male servers at all.

24. Since at least December 2019, these unlawful practices have resulted in a pattern or practice of failing to hire male applicants, a protected class under Title VII.

25. Since at least December 2019, the representation of the protected class of male applicants in Defendants' front-of-house positions was below what would be expected given the representation of the protected class in the relevant geographic regions and occupations.

26. Defendants' policies and practices of hiring a predominantly female front-of-house workforce cannot be justified by any legitimate business purpose.

27. The effect of the practices complained of in the foregoing paragraphs has been to deprive a class of male applicants for non-managerial front-of-house positions of equal employment opportunities and the benefits and privileges of employment and has otherwise adversely affected their status as applicants and as employees because of their sex, male.

28. The employment practices complained of in the foregoing paragraphs were and are intentional and willful.

29. The unlawful employment practices complained of in the foregoing paragraphs above were done with malice or with reckless indifference to the federally protected rights of male applicants for employment to non-managerial front-of-house positions.

**COUNT TWO (TITLE VII - FAILURE TO PRESERVE RECORDS)**

30. Since at least December 1, 2019, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant

6

to the determination of whether unlawful employment practices have been or are being committed. Specifically, Defendants failed to retain applications for employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to hire male applicants to non-managerial front-of-house positions at its Kickback Jack's restaurants.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for males seeking employment in non-managerial front-of-house positions at Defendants' Kickback Jack's restaurants and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole a class of aggrieved male applicants for non-managerial front-of-house positions by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, by extending employment opportunities to such class members.

D. Order Defendants to make whole a class of aggrieved male applicants for non-managerial front-of-house positions by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including emotional distress, suffering, mental anguish, loss of enjoyment of life,

loss of self-esteem, loss of civil rights, embarrassment, humiliation, and inconvenience, in amounts to be determined at trial.

F.     Order Defendants to pay a class of aggrieved male applicants for non-managerial front-of-house positions punitive damages for Defendants' willful, malicious, and/or reckless conduct, as described above, in amounts to be determined at trial.

G.     Order Defendants to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact that arise out of this complaint.


Respectfully submitted this 25th day of September, 2024.

                                      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

                                      KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

**/s/ *Nicholas Wolfmeyer***
NICHOLAS WOLFMEYER
Trial Attorney
Florida State Bar No. 127218
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 909-5623
Facsimile: (704) 954-6412
Email: nicholas.wolfmeyer@eeoc.gov

JOSHUA T. KADEL
Trial Attorney
Virginia Bar No. 89308
EEOC, Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6924
Facsimile: (704) 954-6412
Email: joshua.kadel@eeoc.gov

EMILY J.C. MALONEY
Trial Attorney
NC State Bar No. 52820
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (980) 296-1252

Facsimile: (704) 954-6412
Email: emily.maloney@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**