IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

v.                                                               Civil Action No. 1:24cv792

BATTLEGROUND RESTAURANTS, INC. *et al.*,
    Defendants.

## OPINION

The United States Equal Employment Opportunity Commission ("EEOC") alleges that, between December 1, 2019, and February 18, 2022, Kickback Jack's restaurants located throughout North Carolina, Virginia, and Tennessee discriminated against males by failing to hire men for front of house, non-managerial positions. The EEOC sues the owners and operators of these Kickback Jack's restaurants, Battleground Restaurants, Inc. ("BRI"), and Battleground Restaurant Group, Inc. ("BRGI") (collectively, "Battleground"), both for sex discrimination in hiring as well as failure to preserve employment records in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Battleground has moved to dismiss the complaint for failure to state a claim and failure to comply with procedural and administrative requirements. It also asks the Court to dismiss BRGI from the suit and to limit the EEOC's claims based on the statute of limitations provision of Title VII. Finally, Battleground requests the Court to certify the case for interlocutory appeal because it presents open questions of law about which reasonable minds can differ.

The Court will deny the motion. The EEOC (1) complied with 42 U.S.C. § 2000e-5(b)'s 10-day notice requirement; (2) plausibly alleged a pattern or practice of disparate sex discrimination; and (3) can properly include BRGI as a defendant in this matter. At this stage, the

Court declines to address the affirmative defense of the statute of limitations without factual development. Finally, the Court does not find any esoteric issues meriting an interlocutory appeal.

## I. <u>RELEVANT FACTS</u>[1]

Battleground owns and operates at least nineteen Kickback Jack's full-service restaurant locations throughout North Carolina, Virginia, and Tennessee. In addition to other staff, Kickback Jack's employs "servers, hosts, and bartenders in non-managerial, front-of-house positions." (ECF No. 1 ¶ 11.) Kickback Jack's does not require employees to have "special skills or qualifications" for front of house, non-managerial positions, and its advertisements state that applicants need only "[b]ring [their] great attitude to work and [Kickback Jack's] will train you." (*Id.* ¶¶ 19–20.)

On July 31, 2020, Melody Roe, a female server, filed an EEOC charge of discrimination against her employer, Kickback Jack's. (ECF No. 9-1.) Roe alleged that the restaurant discriminated against her due to her sex and disability. After describing specific instances of alleged discrimination in the charge, Roe stated that "[i]n addition to sexual harassment, [Kickback Jack's] has a policy and/or practice of only hiring females for front of house positions, and not into management." (*Id.* at 2.)

---

[1] In evaluating the defendants' motion to dismiss, the Court relies on the facts from the EEOC's Complaint, (ECF No. 1), and three of the defendants' exhibits attached to their Motion to Dismiss, (ECF Nos. 9-1, 9-2, 9-3). The Court is "generally limited to a review of the allegations of the complaint itself" when considering a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). But the Court can "also consider documents that are explicitly incorporated into the complaint by reference . . . [and] document[s] submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint." *Id.* Here, the defendants attached the original charge of discrimination, (ECF No. 9-1), the EEOC's determination letter, (ECF No. 9-2), and notice from the EEOC determining that conciliation efforts would be futile, (ECF No. 9-3), to their memorandum in support of the motion to dismiss. The EEOC admits that it refers to these three exhibits in its Complaint, and all are integral to its allegations. (*See* ECF No. 16, at 6.) The Court, therefore, will consider the original EEOC charge and two letters from the EEOC in addition to the facts alleged in the Complaint.

2

Case 1:24-cv-00792-JAG-LPA    Document 21    Filed 02/24/25    Page 2 of 13

During the EEOC's investigation of Roe's complaint, it found that BRI "maintained a policy or a practice . . . of failing or refusing to hire males for non-managerial front of house positions because of their sex." (ECF No. 9-2, at 2.) Of the 2,100 non-managerial, front of house employees that Kickback Jack's employed between December 1, 2019, and February 18, 2022, "approximately 3% were male." (ECF No. 1 ¶ 22.) This percentage constitutes a "protected class of male applicants . . . below what would be expected given the representation of" men "in the relevant geographic regions and occupations." (*Id.* ¶ 25.) Some Kickback Jack's locations during that time "did not employ any male servers at all." (*Id.* ¶ 23.) The EEOC asserts that hiring "a predominantly female front-of-house workforce cannot be justified by any legitimate business purpose," and that the defendants' employment hiring practices "were and are intentional and willful." (*Id.* ¶¶ 26, 28.) Additionally, the EEOC argues that the defendants failed to "make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, [the defendants] failed to retain applications for employment." (*Id.* ¶ 30.)

## II. DISCUSSION[2]

### *A. Procedural and Administrative Issues*

#### *1. 10-Day Notice Requirement*

The defendants first contend that the EEOC did not provide them with adequate notice of its claims "on behalf of male applicants and the Title VII records violations." (ECF No. 10, at 22.)

---

[2] A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal

3

The EEOC has the power to enforce Title VII and investigate violations of the statute. *See* 42 U.S.C. § 2000e-5(a); *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 62 (1984). A Title VII claim begins when either an individual or the EEOC itself files a charge of discrimination alleging that an employer "engaged in an unlawful employment practice." 42 U.S.C. § 2000e-5(b). Following the filing of a charge of discrimination, the EEOC "shall serve notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days." *Id.* The 10-day notice provision exists "to provide employers [with] fair notice that accusations of discrimination have been leveled against them and that they can soon expect an investigation by the EEOC." *Shell Oil*, 466 U.S. at 74. The EEOC then opens an investigation into the claim. *See* 42 U.S.C. § 20000e-5(b). If the EEOC finds "reasonable cause to believe that the charge is true," it may engage in "conciliation" with the employer to rectify the perceived

---

conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Regarding Title VII cases specifically, a plaintiff "is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss." *Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 250 (4th Cir. 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002)) (explaining that, in Title VII retaliation cases, plaintiffs do not need to prove a *prima facie* case in order to defeat the motion to dismiss for failure to state a claim). But the Supreme Court in *Swierkiewicz* "left untouched 'the burden of a plaintiff to allege facts sufficient to state all the *elements* of [his] claim.'" *Jordan v. Alt. Res. Corp.*, 458 F.3d 322, 346 (4th Cir. 2006) (alteration in the original) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)), *overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015).

4

discrimination. *Id.* If conciliation efforts fail, the EEOC itself may bring a civil suit against the employer named in the charge. *Id.* § 2000e-5(f)(1).

### a. Discrimination Claim

Battlegrounds does not dispute that it received notice of Roe's charge of discrimination within 10 days as required by statute, but argue that the charge did not give them notice of an EEOC investigation into discrimination against males in hiring. In the charge, Roe alleged that "[i]n addition to sexual harassment, [Kickback Jack's] has a policy and/or practice of only hiring females for front of the house positions, and not into management." (ECF No. 9-1, at 2.) The EEOC asserts that an investigation into discrimination against males remains implicit in the charge of discrimination because it alleges that the restaurant "has a policy and/or practice of only hiring females" for front of house positions. (*Id.*)

The Court agrees that alleged discrimination against males for front of house positions appears on the face of the charge of discrimination. The charge of discrimination plainly states that "[Kickback Jack's] has a policy and/or practice of *only hiring females* for front of the house positions." (ECF No. 9-1, at 2 (emphasis added).) And Battleground does not argue that it did not receive notice of this language within the 10-day notice period. The EEOC, therefore, followed the proper administrative procedures to put the defendants on notice of its investigation into the claim of discrimination that Kickback Jack's only hires female applicants to work in front of house positions. The Court, therefore, will deny the motion to dismiss on the ground that Battleground did not receive the statutorily required notice of the charge.

### b. Records Preservation Claim

Though unclear, the defendants seem to indicate that the Court should also dismiss the EEOC's allegation that the defendants failed to preserve records pursuant to 42 U.S.C. § 2000e-

8(c) because the EEOC did not give the defendants notice that it would bring suit for failure to preserve records. Section 2000e-8(c), the section describing the investigation phase of a Title VII claim, requires that "[e]very employer . . . shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom as the [EEOC] shall prescribe by regulation or order." *Id.* § 2000e-8(c). The 10-notice provision outlined in 42 U.S.C. § 2000e-5(b), however, only states that the EEOC "shall serve notice of *the charge* (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days." 42 U.S.C. § 2000e-5(b) (emphasis added). Section 2000e-5(b), then, did not require the EEOC to include in its 10-day notice of the written charge of discrimination an allegation that Kickback Jacks had failed to preserve records under a completely different provision of the statute. The Court, therefore, will deny the motion to dismiss insofar as it argues that it did not have 10-days' notice of the failure to preserve records claim.

### 2. *180-day Period to File a Claim*

Battleground next asserts that the Court should limit the EEOC's discrimination claims to 180 days before it received notice of the charge of discrimination due to Title VII's statute of limitations.[3] "Because a Rule 12(b)(6) motion tests the sufficiency of the complaint, such a motion is generally not an appropriate mechanism to adjudicate the merits of an affirmative defense such as the expiration of the statute of limitations." *Briscoe v. W.A. Chester, LLC*, 799 F. App'x 183,

---

[3] Title VII requires that either an individual or the EEOC bring a charge of discrimination "within [180] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The time limitation could extend to 300 days "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *see* 42 U.S.C. 42 § 2000e-5(e)(1).

6

183 (4th Cir. 2020) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*)). A district court may assess a statute of limitations affirmative defense in a motion to dismiss "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Briscoe*, 799 F. App'x at 183 (quoting *Goodman*, 494 F.3d at 464). "For this exception to apply, the relevant facts must clearly appear on the face of the complaint." *Id.*

Here, the complaint does not contain the facts necessary to assess whether the EEOC's claims exceed Title VII's statute of limitations period. In particular, the face of the complaint does not allege the date on which the complainant filed the charge of discrimination. The Court, therefore, will not limit the EEOC's claims based on the statute of limitations at this stage. *See Briscoe*, 799 F. App'x. at 183.

### *B. Motion to Dismiss or Strike Defendant BRGI*

The defendants next assert that the Court should strike or dismiss BRGI as a defendant in this case because the EEOC only addressed its communications about this charge to BRI, not BRGI. If, "after a charge is filed with the [EEOC], . . . the [EEOC] has been unable to secure from the respondent a conciliation agreement acceptable to the [EEOC], the [EEOC] may bring a civil action against any respondent . . . *named in the charge*." 42 U.S.C. § 2000e-5(f)(1) (emphasis added). The "failure to name a party in an EEOC charge may constitute a failure to exhaust administrative remedies." *E.E.O.C. v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 603 (M.D.N.C. 2020) (noting that the naming requirement "is no longer jurisdictional" and can be "analyzed under the Rule 12(b)(6) standard."). A party not named in the EEOC charge, however, "may nevertheless be subject to a Title VII suit if it receives actual notice of the EEOC proceeding against it." *Id.*

Here, the charge of discrimination lists the respondent as "Kickback Jack's," rather than the corporate names of either of the defendants in this suit. (ECF No. 9-1, at 2.) The EEOC alleged

7

in its complaint that "at all relevant times [BRI and BRGI] have acted in concert, or one at the direction of the other, in the operation of the 19 Kickback Jack's restaurants where the unlawful employment practices were committed." (ECF No. 1 ¶ 9.) The EEOC, therefore, plausibly alleged that BRGI is, essentially, Kickback Jack's operator. Because the EEOC "may bring a civil action against any respondent . . . named in the charge," 42 U.S.C. § 2000e-5(f)(1), the EEOC can sue BRGI in this suit as it does business under the tradename Kickback Jack's, which the complainant named in the charge of discrimination.

Additionally, even if BRGI is not identical to Kickback Jack's, courts within the Fourth Circuit recognize two other tests to identify whether a Title VII plaintiff can then sue an entity not named in the charge of discrimination: (1) the joint employment doctrine and (2) the substantial identity exception. Under the joint employment doctrine, courts use a "hybrid test" to determine "whether an individual is jointly employed by two or more entities" for the purposes of Title VII liability. *Butler v. Drive Auto. Indus. Of Am., Inc.*, 793 F.3d 404, 414 (4th Cir. 2015). Courts consider nine factors, including:

> (1) authority to hire and fire the individual;
>
> (2) day-to-day supervision of the individual, including employee discipline;
>
> (3) whether the putative employer furnishes the equipment used and the place of work;
>
> (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;
>
> (5) the length of time during which the individual has worked for the putative employer;
>
> (6) whether the putative employer provides the individual with formal or informal training;

(7) whether the individual's duties are akin to a regular employee's duties;

(8) whether the individual is assigned solely to the putative employer; and

(9) whether the individual and putative employer intended to enter into an employment relationship.

*Id.* The "common-law element of control remains the 'principal guidepost' in the analysis." *Id.*

The "'substantial identity' exception to Title VII's naming requirement" allows a plaintiff to sue previously unnamed defendants "where unnamed defendants are substantially identical, though not necessarily outright identical, to the named defendant." *Keener v. Universal Cos., Inc.*, 128 F. Supp. 3d 902, 915 (M.D.N.C. 2015); *see Caudill v. N. Carolina Symphony Soc'y, Inc.*, --- F. Supp. 3d ---, 2024 WL 4318985, *10 (E.D.N.C. Sept. 26, 2024); *see also Alvarado v. Bd. of Tr. of Montgomery Cmty. Coll.*, 848 F.2d 457, 461 (4th Cir. 1988) (discussing the substantial identity exception but issuing "no opinion on the validity of the exception in the Fourth Circuit"). Courts consider four factors under the substantial identity exception:

> 1. whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2. whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> 3. whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
>
> 4. whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

9

*Keener*, 128 F. Supp. 3d at 915. The "second and third factors" are the "most important as they are most reflective of the two-fold purpose of the naming requirement, that is, providing notice and an opportunity for voluntary conciliation." *Id.* at 915–16 (internal citations omitted).

Putting aside that BRGI is identical to Kickback Jack's as its owner and operator, BRGI satisfies both tests as an entity that exerts control over Kickback Jack's. First, as an operator of the restaurant chain, BRGI has control over the restaurant, the most important factor of the joint enterprise test. (*See* ECF No. 1 ¶ 10.) Second, BRGI meets the substantial identity exception to the naming requirement because its interests are so similar to BRI's that BRGI's absence from the EEOC proceedings "were unnecessary" and would not prejudice it. *Id.* at 915. Taking the allegations in the complaint as true—as the Court must in evaluating a motion to dismiss—the EEOC alleged that BRI (the entity to which the EEOC directed correspondence during its investigation) and BRGI each acted "as agent, alter ego, employee, indirect employer, joint employer, or integrated enterprise of or with the other." (*Id.* ¶ 9.) The EEOC can therefore sue BRGI despite not naming it directly as a party in the charge of discrimination or communicating with it based on both the joint enterprise test and substantial identity exception.

For all these reasons, the Court will deny the motion to strike or dismiss BRGI as a defendant in this case.

### *C. Title VII Sex Discrimination in Hiring*

Turning to the substantive requirements of a Title VII sex discrimination claim, the Court will deny the motion to dismiss because the EEOC plausibly alleges the elements of its claim. Title VII makes it "an unlawful employment practice" for any employer "to fail or refuse to hire . . . or otherwise discriminate against any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1). In the absence of direct evidence of discrimination, a Title VII plaintiff

can make out a case of employment discrimination for failure to hire by showing: (1) he "is a member of [a] protected class;" (2) "the employer had an open position for which [he] applied or sought to apply;" (3) he "was qualified for the position;" and (4) he "was rejected under the circumstances giving rise to an inference of unlawful discrimination." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584 (4th Cir. 2015).

To demonstrate disparate treatment against a protected class, the plaintiff may allege that the defendants engaged in a "pattern or practice of discrimination." *PBM Graphics*, 877 F. Supp. 2d at 343 ("[A] pattern or practice case is not a separate and free-standing cause of action . . . but is really merely another method by which disparate treatment can be shown." (quoting *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001)) (internal citation omitted)). To demonstrate a pattern or practice of discrimination, the plaintiff must show "more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts," but rather that "discrimination was the company's standard operating procedure." *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977). "Where gross statistical disparities can be shown, they alone may in a proper case constitute prima facie proof of a pattern or practice of discrimination." *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307–08 (1977).

A Title VII "'plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz*, 534 U.S. at 515), *cert. denied*, 141 S. Ct. 1376 (2021). Instead, he must merely "allege facts to satisfy the elements of a cause of action created by that statute." *Id.* (quoting *McCleary-Evans*, 780 F.3d at 585). At the pleading stage, a court should assess whether the plaintiff's allegations "plausibly state a violation of Title VII 'above a speculative level.'" *Bing*, 959 F.3d at 617 (quoting *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)).

11

Case 1:24-cv-00792-JAG-LPA   Document 21   Filed 02/24/25   Page 11 of 13

Here, the EEOC asserts a plausible discrimination claim for each element of a Title VII failure to hire claim based on sex. First, it alleges that Battleground discriminated against male applicants—a protected class—when hiring for front of house, non-managerial positions. The EEOC also alleges that, over a two-year, two-month period from December 1, 2019, to February 18, 2022, Battleground "employed more than 2,100 persons in non-managerial front-of-house server positions at 19 Kickback Jack's restaurants." (ECF No. 1 ¶ 21.) Drawing reasonable inferences in the EEOC's favor, *see Nemet Chevrolet*, 591 F.3d at 253, given the vast time period alleged and the number of servers working at the 19 restaurant locations, the restaurants at some point would have had open positions for front of house, non-managerial positions for which males sought to apply. Additionally, the EEOC plausibly alleged that male applicants qualified for the front of house, non-managerial positions on par with female applicants because Battleground did not require applicants to have any prior experience for these jobs.

Insofar as alleging that Battleground rejected male applicants under "circumstances giving rise to an inference of unlawful discrimination," *McCleary-Evans*, 780 F.3d at 584, the EEOC plausibly alleged a pattern or practice of discrimination by using statistics. According to the complaint, in the relevant period Battleground "employed more than 2,100 persons in non-managerial front-of-house server positions at 19 Kickback Jack's restaurants," of whom "approximately 3% were male," while "some . . . locations did not employ any male servers at all." (ECF No. 1 ¶¶ 21–23.) This type of "gross disparit[y]" plausibly demonstrates an inference of discrimination against males who applied to work as servers during the period cited. *Hazelwood Sch. Dist.*, 433 U.S. at 307. The Court, therefore, will deny the motion to dismiss on this basis, too.

12

### *D. Interlocutory appeal*

Battleground apparently plans to file an interlocutory appeal if the Court denies the motion to dismiss. It therefore asks the Court to opine that its denial of the motion to dismiss satisfies the requirements for an interlocutory appeal under 28 U.S.C. § 1292. The Court, however, does not believe that the instant Opinion and accompanying Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, the Court will not include such language in its Order.

### III. CONCLUSION

Because none of the defendants' arguments merit dismissal of BRGI or any of the claims in this case at this juncture, and the EEOC plausibly alleged a pattern or practice of disparate sex discrimination, the Court will deny the motion to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 24 February 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge