**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.:** **1:24-cv-00792-JAG-LPA** |
| v. | ) ) | |
| BATTLEGROUND RESTAURANTS, INC., and BATTLEGROUND RESTAURANT GROUP, INC. | ) ) ) ) | |
| Defendants. | ) ) ) | |

## CONSENT DECREE

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the United States Equal Employment Opportunity Commission ("EEOC" or "the Commission") and Battleground Restaurants, Inc., and Battleground Restaurant Group, Inc. ("Defendants"), (collectively "the parties"), and as entered by this Court.

## I.     BACKGROUND

1.     On September 25, 2024, the Equal Employment Opportunity Commission ("EEOC" or "Commission") commenced this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. The Complaint alleges that, since at least January 1, 2019 and through the operation of 19 Kickback Jack's Restaurants, Battleground Restaurants, Inc. and Battleground Restaurant Group, Inc.

1

(collectively, "Defendants") violated Title VII based on having had, and continuing to have, a policy or practice of intentionally failing to hire male applicants for nonmanagerial front-of-house positions because of their sex, male, in violation of Title VII.

2.      Defendants, their officers, and successors deny any liability or that any male applicants were denied employment because of their sex or suffered any damages.

3.      The Complaint also alleges that Defendants failed to maintain applications as required by Title VII and the EEOC's record keeping regulations. Defendants also deny this allegation.

4.      The parties engaged in good faith negotiations and consent to entry of this Consent Decree (also referred to as "Decree") by the Court to resolve the allegations in the complaint without the burden, expense and delay of further litigation. The parties have agreed that this action should be finally resolved by this Decree and that this Decree is final and binding on the parties, their successors, and assigns.

5.      The parties agree to the jurisdiction of this Court over the parties and the subject matter of this action and to the power of this Court to enter a decree enforceable against Defendants.

## II.      FINDINGS

6.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings of record, the Court finds the following:

    a.  This Court has jurisdiction over the Parties and the subject matter of this action;

    b.  The terms of this Decree are adequate, reasonable, equitable, and just;

    c.  The rights of the Parties and the public interest are adequately protected by this

2

Decree;

d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree;

e. This Decree constitutes the complete understanding between the Parties regarding the matters discussed herein;

f. This Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties, and is the final and complete agreement between the Parties, resolving all matters in controversy relating to the above-styled civil action and the underlying administrative charge; and

g. This Decree does not constitute a finding on the merits of this action.

## III. TERMS

WHEREFORE, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

7. This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of three (3) years from the date of entry by this Court. If, at the end of the three-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

8. No party shall contest the jurisdiction of this Court to enforce this Decree and the terms hereunder.

9. This Decree fully and finally resolves the claims asserted by the Commission in this action, styled above as *Equal Employment Opportunity Commission v. Battleground Restaurants, Inc. and Battleground Restaurant Group, Inc.*, Civil Action No. 1:24-cv-792-

3

JAG-LPA, as well as the claims asserted in the underlying administrative charge, identified as EEOC Charge No. 433-2020-01285. This includes all claims for monetary and non-monetary relief on the basis that Defendants failed to hire male job applicants for nonmanagerial "front-of-house" positions at the 19 restaurants, reportedly operated by Defendants under the tradename Kickback Jack's in North Carolina, Virginia and Tennessee, from December 1, 2019 to the date this Decree is approved by the Court (the "Effective Date").

10. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission, or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendants and all affiliated entities.

11. The terms of this Decree are and shall be binding upon Defendants, their officers, directors, agents, successors and assigns.

12. No amendment or waiver of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties. On behalf of the Commission, the authorized representative is the Regional Attorney for the Charlotte District. On behalf of Defendants, the authorized representative is Defendants' counsel Stephen Dellinger. Any amendment or waiver must also be approved and accepted in writing by the Court.

13. If any provision of this Decree shall be deemed unenforceable, the remaining

4

provisions shall survive and remain in full force and effect.

14.     This Decree shall apply to all Defendants' Kickback Jack's locations including any new locations opened during the term of this Decree.

## IV.     INJUNCTIVE RELIEF

15.     Defendants, their successors, and assigns, and all those in active concert or participation with Defendants, are enjoined from discriminating against any qualified male applicants who apply for nonmanagerial front-of-house positions at any of Defendants' Kickback Jack's restaurants by refusing to hire them because of their sex.

16.     Defendants, their successors, and assigns, and all those in active concert or participation with Defendants, are hereby enjoined from steering applicants into positions, in whole or in part, because of their sex.

17.     Defendants, their successors, and assigns, and all those in active concert or participation with Defendants, are hereby enjoined from disposing of or failing to maintain records relevant to applications for employment at their restaurants during the term of this Decree.

## V.     DEFINITIONS

18.     **Relevant time period** – the period between December 1, 2019 and the Effective Date of the Decree.

19.     **Defendants' Restaurants** – all Kickback Jack's restaurants owned or operated by Defendants in Virginia, North Carolina, or Tennessee during the relevant time period.

5

20.      **Non-managerial positions** – all positions at Defendants' Restaurants whose duties do not involve supervisory responsibility, including the authority to make hiring or staffing decisions, set schedules, implement training, or enact disciplinary measures.

21.      **Front-of-house positions** – all positions in Defendants' Restaurants whose duties involve direct interaction with or service to guests.

22.      **Eligible claimants** – all males who during the relevant time period submitted an application for employment at any of Defendants' restaurants for any non-managerial front-of-house position but were not selected for such positions because of sex.

23.      **Claims Administrator** – the organization, mutually agreed to by the parties, who is responsible for outreach to potential claimants based on communications agreed to between the parties and is charged with the search for and identification of eligible claimants, implementation of the processes and facilitation of the distribution of the Class Fund to eligible claimants, and responsibility for all record keeping and reporting required related to the Class Fund.

24.      **Class Fund** – money provided by Defendants for the purpose of distribution to eligible claimants.

25.      **Claims Process** – the process by which the Claims Administrator searches for and identifies eligible claimants and distributes class funds to claimants at the direction of the Commission.

26.      **Claims Form** – a document drafted by the Commission to be provided to potential claimants by the Claims Administrator, to assess each potential claimant's

6

eligibility for payment from the Class Fund and the damages for which each claimant may be compensated.

## VI.    MONETARY RELIEF

27.     Within thirty (30) days of the entry of this Decree, Defendants shall make a payment in the amount of One Million One Hundred Eleven Thousand Three Hundred Dollars  and no cents  ($1,111,300.00) (the "Class Fund Payment") to the Claims Administrator identified pursuant to this Decree, to be distributed to a class of eligible claimants, as identified by the EEOC in its sole discretion, and in accordance with the Class Identification process described below.  The Class Fund Payment will constitute full and final settlement of this action, *Equal Employment Opportunity Commission v. Battleground Restaurants, Inc. and Battleground Restaurant Group, Inc.*, Civil Action No. 1:24-cv-792-JAG-LPA, and EEOC Charge No. 433-2020-01285.  All funds paid to the Class Fund shall be used solely to provide monetary relief to the eligible claimants.  In order to receive payment from the Class Fund, eligible claimants must timely complete any required tax reporting forms and execute the "Release of Claim Form" attached hereto as Exhibit A. The Class Fund Payment is a debt owed to the United States of America and the United States is entitled to collect such debt if payment is not made in accordance with this Decree.

28.     Within thirty (30) days of the entry of this Decree, Defendants will submit to the Commission verification that the Class Fund Payment was made to the Claims Administrator.

29.     If Defendants fail to tender the above-mentioned payment as set forth above, Defendants shall pay interest on the defaulted payment at the rate calculated pursuant to 26

7

U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC in connection with securing Defendants' compliance with the monetary terms of this Decree.

30.     Neither the Commission nor Defendants make any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that any class members may or may not incur on such payments under local, state, and/or federal law.

31.     If the Commission is required to issue an IRS Form 1098-F in connection with payments made under this Decree, the EIN, name, and address of Defendants' representative to whom the copy of the Form 1098-F should be directed is as follows:

Defendant's EIN:  56-1800894

Name:  Matthew G. Stall

Physical Address:  1337 Winstead Place, Greensboro, NC 27408

32.     The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.  The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

8

## VII.   CLAIMS ADMINISTRATOR

33.     The parties have agreed on a  Claims Administrator.  Defendants agree to engage and retain the agreed upon Claims Administrator within fifteen (15) business days of the entry of this Decree.  Based on procedures agreed to between the parties,  the Claims Administrator will conduct a class search, advertise for class members, identify potential class members, implement processes for and facilitate the distribution of the Class Fund to eligible claimants, and be responsible for all record keeping and reporting requirements related to the Class Fund.  Defendants will pay all cost associated with the Claims Administrator and/or Claims Process.

34.     The parties shall exercise good faith and cooperate with each other to facilitate the activities of the Claims Administrator and to ensure the timely, efficient and full disclosure of information, documents and data to the Claims Administrator.

35.     Within forty-five (45) days of the entry of this Decree, the Claims Administrator will begin a social media campaign as agreed upon by the parties to identify male applicants who were not hired for non-managerial front-of-house positions at any of Defendants' locations during the period between December 1, 2019 and the entry of this Decree.  The social media campaign will include announcement of the settlement of this matter and include a link to information about how applicants can file a claim along with the contact information for the Claims Administrator and the Commission.

36.     Defendants agree that if the Claims Administrator initially appointed thereafter declines to serve or to carry out duties assigned under this Decree, Defendants shall have ten (10) business days to notify the Commission in writing of any proposed

9

replacement Claims Administrator, and the Commission shall have ten (10) business days thereafter to notify Defendants in writing of its approval or disapproval of the proposed Claims Administrator.

## VIII. CLASS IDENTIFICATION

37.    Within thirty (30) days of the entry of this Decree, Defendants shall provide the Claims Administrator and the Commission with any information it has in its possession related to any male who applied, but was not hired, for work as a non-managerial front-of-house employee at any Kickback Jack's restaurant owned or operated by Defendants at any time between December 19, 2019 and the date of the entry of this Decree. The information shall be submitted in the format maintained by Defendants, it being understood that it shall forward hard copy and/or electronic applications to the extent that records are not maintained in any other format by Defendants.

38.    Within thirty (30) days of the entry of this Decree, the Commission shall provide the Claims Administrator with any information it has in its possession related to any male who applied but was not hired, for work as a non-managerial front-of-house employee at any Kickback Jack's restaurant owned or operated by Defendants at any time between December 19, 2019 and the date of the entry of this Decree.

## IX.    CLAIMS PROCESSING AND ADMINISTRATION

39.    Within fifteen (15) days of the entry of this Decree or selection of the Claims Administrator, whichever is later, the Commission will furnish the Claims Administrator with a Claim Form. The Claim Form will be provided to potential class members to determine their eligibility to receive compensation from the Class Fund.

10

40. The Claims Process and Claim Form will guide the process for determining class eligibility and the amount of relief to be allocated from the Class Fund to each class member. As part of the Claims Process, the Claims Administrator will provide to the parties, at thirty-day intervals, reports about the claims submitted as part of the Claims Process.

41. The Commission will retain ultimate authority to decide each class member's eligibility and the amount of relief to be allocated for each member from the Class Fund, and from any residual amount remaining after distribution of the class fund. The Class Fund will be divided equally among the members of class (eligible claimants).

42. The Claims Process will last six (6) months from the entry of this Decree, it being understood that the Claims Process may be extended based on agreement of the parties. At the close of the six (6) month claims process period, the Claims Administrator will provide a list of all potential claimants to the Commission. Within thirty (30) days of receipt of the claims list, the Commission will direct the Claims Administrator on the amount to be received by each claimant from the Class Fund. Defendants will receive notice of all eligible claimants to receive payments from the Class Fund and the amount to be received by each eligible claimant.

## X. POLICY REVISION

43. Within thirty (30) days of entry of this Decree and throughout its duration, Defendants must promulgate and maintain policies that, at a minimum, meet the following criteria:

a. Prohibit discrimination and harassment against any employee or applicant on

11

the basis of any protected status under Title VII, including sex.

b. Prohibit preferences on the basis of any protected status under Title VII, including sex.

c. Prohibit retaliation against any employee or applicant in violation of Title VII.

d. Provide a process for hiring with sufficient direction for Defendants' hiring officials to ensure that hiring decisions are made without consideration of any protected status, including sex.

e. Require that hiring practices and decisions at Defendants' restaurants be periodically reviewed by Defendants' human resources or other upper-level management to ensure that Defendants' hiring practices do not violate Title VII.

f. Require that for any promotional materials used by Defendants, all images which depict one or more front-of-house employees include at least one male server.

g. Ensure that records of all applications for employment are maintained and remain accessible by Defendants for the duration of this Decree.

44. Within thirty (30) days of Defendants' implementation of any policy revisions required as outlined above, Defendants will communicate its policies and any changes to those policies to all human resources employees, supervisors, managers, and any other employees responsible for recruitment or hiring for Defendants. Defendants will certify compliance with this provision by verification to the Commission within ten (10) business days of Defendants' implementation of any policy revisions required as outlined above.

12

45.	Beginning thirty (30) days from the Effective Date of this Decree and continuing throughout the term of the Decree: (1) any person who has expressed interest in a nonmanagerial front-of-house position at a Kickback Jack's restaurant (based on availability of such position at the applicable Kickback Jack's restaurant and legal eligibility to be employed in such position) shall be invited to interview at the restaurant for such a position; (2) any person showing up for such an interview will be required to complete an employment application, which shall include the nature of the position applied for at the restaurant (and any such individual who has completed an application shall be viewed as an "applicant"); and (3) each person showing up for such an interview also shall be given a separate form that includes an inquiry for the individual to voluntarily self-identify such individual's sex as male or female, and such form shall be maintained separate from the application form.

46.	Defendants shall maintain a record of all applicants for nonmanagerial front-of-house positions at each of its restaurants, the gender of such applicants (who have self-identified or by visual identification from the hiring manager), whether such person was offered and accepted employment or whether the applicant declined employment or was denied an offer for employment for a nonmanagerial front-of-house position, including the reason for denying an offer of employment. Such records shall be forwarded to a central source to ensure that such records are retained during the term of the Decree.

47.	Throughout the term of this Decree, Defendants agree to make reasonable efforts to ensure that its recruitment and hiring efforts for non-managerial front of house positions are not directed or targeted toward preferring any employee based on an

13

employee's gender. As used in this paragraph, to "make reasonable efforts" shall mean that Respondent will do the following:

    a. Include representations of both male and female front-of-house non-managerial employees on its website, including on all webpages used by Respondent to solicit applications for employment for front-of-house non-managerial positions.

    b. Direct all applicants for non-managerial front-of-house positions, including walk-in applicants, to submit applications on-line through Respondent's website (unless some other means of application is necessary to accommodate an applicant's disability, religion or other protected status requiring accommodation).

    c. Retain and track applications for non-managerial front of the house positions.

    d. Market employment opportunities to applicants without regard to sex.

## XI. TRAINING

48. Within thirty (30) days of Defendants' implementation of any policy revisions required as outlined above, Defendants will communicate its policies and any changes to those policies to all human resources employees, supervisors, managers, and any other employees responsible for recruitment or hiring for Defendants. Defendants will certify compliance with this provision as part of the semi-annual reports submitted to the EEOC, as discussed in Paragraph 54 of this Decree.

49. During the term of this Decree, Defendants will provide an annual in-person training of at least two (2) hours to all supervisory, management and Human Resources personnel involved in any part of the hiring process at any Kickback Jack's restaurants

14

owned and operated by Defendants. The training, which shall be interactive, may be live, via video conference, or via on-line or computer training at the option of Defendants, and may be completed in segments. Any training that is conducted live or via video conference shall be recorded so that any individuals who were unable to participate or new hires shall receive the benefit of such training. Each training program shall include:

    a. Title VII's obligation to protect applicants and employees from discrimination on the basis of any protected status, including sex;

    b. That any preferences in hiring or employment based on protected status is prohibited by law; and that hiring managers should recognize the importance of merit, aptitude, hard work and determination when making employment decisions;

    c. Defendants' policies relating to equal employment opportunity;

    d. Defendants' procedures discussed in Paragraph 46 of this Decree relating to record keeping involving applications and the hiring process; and

    e. The direction to hiring managers about the criteria or qualifications to be used during the hiring and selection process, including that the criteria or qualifications should be used consistently and applied to each applicant irrespective of their protected status under Title VII, including sex.

    50. The first training program must be initiated within ninety (90) days after the Effective Date of this Decree and completed within one-hundred and fifty (150) days of the Effective Date of this Decree, and annually thereafter. At least fifteen (15) days prior to each annual program, Defendants must submit to the Commission an agenda for each

15

training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.

51.     At least fifteen (15) days prior to each training program, Defendants shall submit to the Commission the identity of the trainer and/or organization responsible for such training, as well as a copy of the trainer's resume or description of the organization responsible for preparation of the training materials.

52.     As part of Defendants' Compliance Reporting, set forth below, Defendants shall prepare and maintain a list by name, position and restaurant location of all employees who received such training during the applicable reporting period.

53.     Throughout the term of this Decree, Defendants will provide the training materials, including any recorded training, to any employee hired into a role involved in the hiring and selection process, as well as any employee given new responsibilities related to the hiring or selection process, and will respond to any questions raised based on such training materials.  The training materials shall be provided to the employee within fifteen (15) business days of the individual assuming the job responsibilities related to the hiring and/or selection process.

## XII.  COMPLIANCE REPORTING

54.     During the term of this Decree, Defendants shall provide the Commission with a semi-annual report in Excel format at six (6) month intervals, after the entry of this Decree by the Court.  Such semi-annual report shall include:

a. A hiring report for each of Defendants' Kickback Jack's restaurants based on information maintained during the applicable reporting period which will include the following information:  (i) the identity of each applicant for

16

nonmanagerial front-of-house positions at Defendants' restaurants, including the applicant's first and last name, address, telephone number, and email address; (ii) the applicant's unique identification number; (iii) the sex of the applicant; (iv) the date the application was received; (v) the location for which the application was received; (vi) the position(s) for which the application was received; (vii) whether the applicant was hired or not hired; (viii) if hired, the date the applicant was hired; (ix) if hired, the location where the applicant was hired; (x) if hired, the position for which the applicant was hired; and (xi) if not hired, the reason why not hired.

b. A separation report for each of Defendants' Kickback Jack's restaurants for the applicable reporting period, which will include the following information: (i) the identity of each nonmanagerial front-of-house employee at Defendants' restaurants whose employment was terminated, including the employee's first and last name, address, telephone number, and email address: (ii) the sex of the employee; (iii) the location where the employee worked; (iv) the employee's date of hire; (v) the position held by the employee at the time of termination; (vi) the date of the termination; and (vii) the reason for the termination.

c. Copies of all job postings and advertisements prepared and/or posted by each of Defendants' Kickback Jack's restaurants during the applicable reporting period.

d. A report on all participants in annual training as referred to in paragraph 52 of the Decree.

17

55. The Commission may review compliance with this Decree. To the extent that any questions arise regarding Defendants' compliance with this Decree, the Commission may request to meet with Defendants at a time and place mutually agreed to by the parties.

## XIII. MISCELLANEOUS PROVISIONS

56. All notices to Defendants by the Commission pursuant to this Decree shall be sent by electronic mail to: Defendants' counsel Stephen Dellinger at sdellinger@littler.com. If at any time during the term of this Decree Defendants' designated point of contact changes, Defendants must notify the Commission and provide the name, position, and electronic mail address for a new designated point of contact within ten (10) days of the change.

57. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

58. The Decree shall be binding on Defendants and all of Defendants' successors-in-interest. Defendants shall notify all such successors-in-interest of the existence and terms of the Decree.

59. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

## XIV. COMPLIANCE AND DISPUTE RESOLUTION

60. In the event of any dispute between the parties to this Decree concerning its application or interpretation, or if one party believes the other party has failed to comply

18

with any provisions of this Decree, the complaining party shall notify the other party in writing of such dispute, non-compliance or objection, and afford the other party fifteen (15) days to respond, remedy or satisfy the complaining party. If the non-complaining party has not remedied the alleged non-compliance or satisfied the complaining party within fifteen (15) days, the parties will negotiate in good faith to attempt to resolve the dispute between them within thirty (30) days (which time may be extended by mutual agreement of the parties).

61.     The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the notice provided by the complaining party.

62.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the complaining party my petition the Court for resolution of the dispute.

APPROVED this _____3_____ day of _____February_____ 2025

/s/

John A. Gibney, Jr.
Senior United States District Judge
Judge, U.S. District Court

19

The parties jointly request that the Court approve and enter the above Consent Decree:

Considered and agreed to by:

_Melinda C. Dugas_ (signature)
Melinda C. Dugas, Regional Attorney
EEOC Charlotte District

_Thomas D. Mincher, Jr._ (signature)
Thomas D. Mincher, Jr.
Battleground Restaurants, Inc. and
Battleground Restaurant Group, Inc.

Jointly submitted:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney

By Counsel:

/s/ Joshua Kadel
JOSHUA KADEL
Trial Attorney
Virginia Bar No. 89308
EEOC, Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
(804) 362-6924
joshua.kadel@eeoc.gov

BATTLEGROUND
RESTAURANTS, INC. AND
BATTLEGROUND RESTAURANT
GROUP, INC.

/s/ Stephen Dellinger
Stephen Dellinger
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
sdellinger@littler.com

/s/ Barry Hartstein
Barry Hartstein
LITTLER MENDELSON, P.C.
321 North Clark, Suite 1000
Chicago, IL 60654
bhartstein@littler.com

*Counsel for Defendants*

20

/s/ *Nicholas Wolfmeyer*
NICHOLAS WOLFMEYER
Trial Attorney
Florida Bar No. 127218
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 909-5623
nicholas.wolfmeyer@eeoc.gov


/s/ *Zoë G. Mahood*
ZOË G. MAHOOD
Supervisory Trial Attorney
NC Bar No. 21722
EEOC, Raleigh Area Office
434 Fayetteville Street, Suite 700
(984) 275-4809
zoe.mahood@eeoc.gov

*Counsel for Plaintiff EEOC*

21

**EXHIBIT A**

## <u>RELEASE OF CLAIM</u>

In consideration for $_____ paid to me by Battleground Restaurants, Inc. and/or Battleground Restaurant Group, Inc. (collectively referred to as "Battleground"), in connection with the resolution of *EEOC v Battleground Restaurants Inc. and Battleground Restaurants Group, Inc., Civil Action No. 1:24—cv-00792,* filed in the United States District Court, Middle District of North Carolina, I waive my right to recover for any claims of discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, that I may have against Battleground and any parents or successors or related entities prior to the effective date of that Decree and that were included in the claims alleged in the EEOC's complaint in *EEOC v Battleground Restaurants Inc. and Battleground Restaurants Group, Inc, referenced above.* .

*Date:* _____ *Signed:*_____
*[insert name*

22